UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| STEVEN A. STONE, | | **REPORT** |
| | Plaintiff, | **and** |
| v. | | **RECOMMENDATION** |
| CREDIT SOLUTIONS CORP., | | **09-CV-281A(F)** |
| | Defendant. | |

APPEARANCES:          GRAHAM AND BORGESE, PC
                      Attorneys for Plaintiff
                      FRANK J. BORGESE, of Counsel,
                      482 Delaware Avenue
                      Buffalo, New York    14202

                      DAVID COTTER, ESQ.[1]
                      Credit Solution Corp.,
                      5454 Ruffin Road, Suite 200,
                      San Diego, California, 92123


## JURISDICTION

This matter was referred to the undersigned for all pretrial matters by Orders of

the Hon. Richard J. Arcara filed June 3, 2009 and July 27, 2010 (Doc. Nos. 4, 23).  It is

presently before the court on Plaintiff's motion, filed April 19, 2011, requesting the case

be reopened and entry of judgment to enforce a settlement agreement between the

parties ("Plaintiff's motion") (Doc. No. 34).

---

[1]  Defendant's original counsel, Hodgson Russ, L.L.P. withdrew by order dated September 9,
2010 (Doc. No. 25).  Mr. Cotter, who serves as Defendant's in-house attorney but has not formally
appeared in this matter, participated in two telephone conference calls with the court in an effort to resolve
Defendant's alleged non-compliance with the settlement agreement at issue (Doc. Nos. 25, 29).

**BACKGROUND AND FACTS**[2]

This action, brought pursuant to the Fair Debt Collections Practices Act, 15 U.S.C. § § 1692, *et seq*. ("FDCPA"), was commenced on March 27, 2009.  Defendant initially appeared by Hodgson Russ, L.L.P. and filed its answer on May 27, 2009.  Following entry of a Scheduling Order on August 27, 2009 (Doc. No. 8), the parties entered into a settlement agreement ("the agreement" or "the settlement") and filed the agreement under seal (Doc. No. 12) on January 19, 2010.  On February 10, 2010, Plaintiff filed a stipulation (Doc. No. 16) withdrawing Plaintiff's motion, filed January 12, 2010 (Doc. No. 10) to approve the settlement ("Plaintiff's motion to approve the settlement").  By order dated February 12, 2010, Judge Arcara approved the parties' stipulation withdrawing Plaintiff's motion to approve the settlement, and dismissed the action on the merits but without prejudice to reopen the action if the settlement was not consummated by May 1, 2010, and closed the case (Doc. No. 18) ("Judge Arcara's Order").

On May 24, 2010, Plaintiff moved to reopen the case for Defendant's failure to consummate the settlement (Doc. No. 19) ("Plaintiff's motion to reopen") and, in accordance with Judge Arcara's direction, filed the settlement agreement under seal (Doc. No. 21).[3]  Defendant failed to timely respond to Plaintiff's motion to reopen and

---

[2]  Taken from the pleadings and papers filed in this matter.

[3]  The initial agreement (Doc. No. 12) was executed by Plaintiff on November 11, 2009 and by Defendant on November 17, 2009 ("the First Settlement Agreement").  A subsequent settlement agreement, filed May 25, 2010 (Doc. No. 21), the subject of Plaintiff's motion to reopen, was executed by Plaintiff on February 26, 2010 and by Defendant on March 10, 2010 ("the Second Settlement Agreement").  The Second Settlement Agreement provides for the same settlement amount as the First Settlement Agreement but modifies the payment schedule required for Defendant and provides for a confession of judgment, a cure procedure, and attorneys' fees in the event of Defendant's failure to make the required payments set forth in the agreement.  No confession of judgment has been proffered or filed

on July 27, 2010 Judge Arcara granted Plaintiff's motion to reopen the case and re-referred the matter to the undersigned.

At the court's request, Defendant's in-house counsel, David Cotter, Esq. ("Cotter"), participated on behalf of Defendant in two telephone conference calls regarding the matter with Plaintiff's counsel and court on September 8, 2010 (Doc. No. 25) and September 28, 2010 (Doc. No. 29) during which the parties agreed to discuss a modified payment schedule to facilitate Defendant's compliance with the Second Settlement Agreement in order to avoid further litigation (Doc. No. 29), and a further status conference was scheduled with the court for March 22, 2010.  As Plaintiff failed to appear on March 22, 2010, no conference with the parties was conducted and the court issued an order to show cause why the matter should not be dismissed for failure to prosecute (Doc. No. 31).  On April 7, 2011, Plaintiff filed his response to the order to show cause (Doc. No. 32) and the order was thereafter vacated on April 11, 2011 (Doc. No. 33).  As noted, Plaintiff's motion was filed April 19, 2011 (Doc. No. 34).  Defendant was served with Plaintiff's motion and the court's scheduling order by mail service upon Cotter, but to date no response has been filed.

## DISCUSSION

It is "well-settled" that a district court may "exercise ancillary jurisdiction to enforce a settlement agreement *only* if the dismissal order expressly retained jurisdiction over that particular agreement, or incorporated into the order." *State Street*

---

in connection with Plaintiff's instant motion.

*House, Inc. v. New York State Urban Development Corporation*, 75 Fed.Appx. 807,

2003 WL 22056214, at *810 (2d Cir. Sep't. 3, 2003) (citing *Herrick Co., Inc. v. SCS*

*Communications, Inc.*, 251 F.3d 315, 327 (2d Cir. 2002) (underlying action based on

diversity jurisdiction) (italics in original) and *Scelsa v. City University of New York*, 76

F.3d 37, 41 (2d Cir. 1996) (underlying action based on federal claim jurisdiction)).  *See*

*Kokkonen v. Guardian Life Inc. Co.*, 511 U.S. 375, 378 (1994) (a claim seeking

enforcement of a settlement agreement requires an independent basis for a federal

court's exercise of subject-matter jurisdiction).  Here, Judge Arcara's Order relating to

the Second Settlement Agreement neither "so ordered" the agreement nor incorporated

its terms (Doc. No. 18), nor could it have as the agreement was executed well after

entry of Judge Arcara's Order.  Moreover, as it is apparent from the Complaint,

although the parties are diverse (Plaintiff is a New York resident; Defendant is a

California corporation), the amount due Plaintiff under the Second Settlement

Agreement is far less than $75,000, as the court's inspection of the agreement filed

under seal (Doc. No. 21) reveals.  *See* 28 U.S.C. § 1332(a) (amount in controversy

must exceed $75,000 for action based on diversity of citizenship).

     Accordingly, as there is an absence of an independent basis for federal subject

matter jurisdiction for the relief now requested by Plaintiff,  the court lacks subject

matter jurisdiction over Plaintiff's motion seeking to enforce the Second Settlement

Agreement and Plaintiff's motion as to such requested relief should therefore be

DISMISSED.  Plaintiff's request to enforce the Second Settlement Agreement may,

however, as a contract claim, be pursued in a state court.  *See Kokkonen*, 511 U.S. at

381 (where contract claim for breach of a settlement agreement lacks jurisdictional

basis in federal district court it may be pursued in state court).  Further, as Judge

Arcara's Order reopened the case and returned Plaintiff's underlying FDCPA action to

the court's calendar, Plaintiff's motion to reopen the matter should also be DISMISSED

as moot, and the matter should be remitted to the undersigned for entry of a case

management order pursuant to Fed.R.Civ.P. 16(b) so that the parties may pursue

Plaintiff's FDCPA action through further litigation on the merits.[4]


## CONCLUSION

Based on the foregoing, Plaintiff's motion (Doc. No. 34) should be DISMISSED,

and the matter remitted to the undersigned for further proceedings.

Respectfully submitted,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: June 21, 2011
        Buffalo, New York

---

[4] Defendant is reminded that a corporation may not proceed in federal court except by counsel. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993); *Grace v. Bank Leumi Trust Co. of New York*, 443 F.3d 180, 192 (2d Cir. 2006).  As Cotter is not admitted in this court he must apply to proceed *pro hac vice*, Local R.Civ.P. 83.1(c), or Defendant should retain counsel who is admitted in this court.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      June 21, 2011
            Buffalo, New York

6